# Powell *v*. Sturdevant.

*Statutory Action of Unlawful Detainer.*

1. *Bill of exceptions signed in vacation.*—A bill of exceptions signed on the 17th October, in vacation, under an order made in term time allowing it to be signed within thirty days from the 16th September, will be stricken from the record on motion; and all assignments of error, based on it, fall with it.

2. *Judgment for damages, or for rent of premises pending appeal.*—In an action of unlawful detainer, removed by appeal into the Circuit Court, a judgment for "damages," instead of "the value of the rent of the premises pending the appeal" (Code, § 3411), would probably be an error subject to correction in this court, if the appeal bond were in the statutory form; and this court would presume, if necessary to sustain the judgment, in the absence of a bill of exceptions, that the evidence authorized the assessment of special damages (Code, § 3391).

3. *Errors not injurious to party complaining.*—In an appeal case from a justice's court, judgment for damages being rendered against the defendant and his sureties on the appeal bond, and he alone assigning errors, he can not complain that the judgment against his sureties is erroneous, since he is not thereby injured.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Mrs. Henrietta J. Sturdevant, against W. T. Powell; and was commenced on the 17th October, 1885, before a justice of the peace. The justice rendered judgment for the plaintiff, for the premises, and $100 damages, and the defendant took an appeal to the Circuit Court, executing two appeal bonds, each with H. O'Gwynn and A. F. Wise as sureties. One of these bonds was in the penal sum of $18.90, being three times the amount of the costs; and the other was in the sum of $240, conditioned that, "if the said Powell shall prosecute 'an appeal by him this day' taken to the Circuit Court of Dallas county, from a judgment rendered against him, in favor of Henrietta J. Sturdevant, for $100 debt and $6.30 costs, or, if he fail in said appeal, shall pay such judgment, both as to debt and costs, as may be rendered against him by said court, then this obligation to be void," &c. On the trial in the Circuit Court, a bill of exceptions was reserved by the defendant, on which most of the assignments of error in this court were based, but which was struck from the record on

[Powell v. Sturdevant.]

motion. The jury returned a verdict for the plaintiff, and assessed her "damages" at $100; and the court thereupon rendered judgment as follows: "It is therefore considered by the court, that the plaintiff recover of the defendant the possession of the lot of land in the complaint described; but, as it is shown to the court that the defendant surrendered the possession of said lot before this trial, no writ of possession will issue. It further appearing to the court that, in the trial of this cause before the justice of the peace, judgment was rendered in favor of the plaintiff, and that the defendant took an appeal to this court from that judgment, and gave bond for the costs of this appeal, in the sum of $18.90, with H. O'Gwynn and A. F. Wise as his sureties, and also gave bond to supersede said judgment, in the sum of $240, with said O'Gwynn and Wise as his sureties; it is therefore considered by the court, that the plaintiff have and recover of said defendant, and of said H. O'Gwynn and A. F. Wise, his said sureties, the said sum of $100, the damages so assessed, as well as the costs of this suit, for which let execution issue; but this judgment against said sureties shall not in any case exceed the amount of said bonds, to-wit: $258.90." The verdict and judgment are now assigned as error, with the rulings shown by the bill of exceptions, by said Powell, who alone assigns errors.

G. A. ROBBINS, for the appellant, cited *Jemison v. M. & P. Bank*, 17 Ala. 754; *Lomax v. Spear*, 51 Ala. 532; *Hurst v. Thompson*, 68 Ala. 560; *Turnipseed v. Fitzpatrick*, 75 Ala. 297; *Robbins v. Battle-House Co.*, 74 Ala. 499; Code, §§ 2716, 3401, 3411.

PETTUS & PETTUS, *contra*.

SOMERVILLE, J.—It appears on the face of the record, that the bill of exceptions was signed after the expiration of the time fixed by the order of the presiding judge. The judge, during term time, under the authority conferred on him by the recent act of February 22, 1887 (Acts 1886–87, p. 126), regulating the signing and allowance of bills of exceptions, had made an order on the application of the defendant, fixing the period within which the paper was to be signed, at thirty days from September 16, 1887. No subsequent order was made, during vacation, extending this time. It should have been signed within the prescribed

time. The signature on the .17th of October following was one day too late, and the motion to strike the bill from the record must be sustained.—*Pearce v. Clements*, 73 Ala. 256; *Wood v. Brown*, 8 Ala. 563.

With the bill of exceptions fall all assignments of error based on it, and we are not at liberty to consider any of them.

The action is one of unlawful detainer, in which judgment was rendered in favor of the plaintiff, against the defendant Powell, and the sureties on his appeal bond, both in the justice's court, and in the trial *de novo* which took place on appeal to the Circuit Court. The appeal to this court is by Powell only, and the assignments of error are made by him alone. The verdict of the jury assessed the plaintiff's "damages" at one hundred dollars, and the judgment is against both the defendant and his sureties, for costs and one hundred dollars *damages*.

It is insisted for appellant that this is error, for the reason that section 3411 of the Code, 1886 (Code, 1876, §§ 3712–3713) provides, where a *supersedeas* bond has been executed, that judgment must be rendered in unlawful detainer, against the defendant and his sureties, for "the value of the rent of the premises pending the appeal." This would probably be an informal error, which, if well taken, would be subject to correction in this court, provided the appeal bond were in the statutory form. But, independently of this, section 3391 of the Code (1886) particularly provides for the recovery of special damages in cases of this kind. It declares that any person, who, having entered into possession under a lease, forcibly or unlawfully retains possession after the expiration of his term, and refuses to surrender the premises on written demand, "is liable for double the annual rent agreed to be paid under such contract, *and* for such other *special damages* as may be sustained by the party thus unlawfully kept out of possession, *to be recovered* as now provided by law *in actions of unlawful detainer*, or by an action at law for damages."—Code, 1876, § 3709.

If necessary to sustain this judgment, we must presume that the evidence before the court and jury made a case which fully authorized it.

It may be true, as contended, that the *supersedeas* bond in the record, unlike the one required by section 3401 of the present Code, is not conditioned to pay the plaintiff any *damages* he may sustain by the prosecution of the appeal.

[Parker v. Edwards.]

But the appellant was liable himself for such damages in this action; and no one but the sureties themselves can urge the objection, that the bond did not bind them to pay such damages. An irregular or erroneous judgment against sureties, can not be assigned as error by the principal, where the sureties themselves make no complaint, and the judgment is correct as against the principal.—*Medlin v. Wilkinson*, 81 Ala. 147.

There is no error discoverable in the record, and the judgment must be affirmed.