# Wade v. Miller *et al.*

*Action against Clerk of a Court to recover Damages for Failure to take Proper Bond.*

1.   *Bond for suspension of writ of restitution pending appeal from justice's judgment in forcible entry or unlawful detainer; what should be its condition.*—Under the requirements of the statute (Code, § 3401), when it is sought to suspend the writ of restitution upon appeal or *certiorari* from justices' judgments in actions of forcible entry and unlawful detainer, the defendant must execute bond with sureties in the sum of twice the annual rental value of the premises, conditioned "to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal" or *certiorari.*

2.   *Same; liability of clerk of court for wrongful issuance of writ of restitution.*—Where, upon the application of a defendant against whom judgment has been recovered in an action of unlawful detainer before a justice of the peace, the clerk of the circuit court, or of a court of like jurisdiction, is ordered to issue a writ of *supersedeas* to stay proceedings under the justice's judgment, upon the defendant entering into a bond for double the annual rental value of the premises in litigation, "conditioned according to law," and the clerk issues such writ upon a bond, in the sum required by the order, conditioned "to pay such judgment as may be rendered against him by the court to which the cause is sought to be removed," (Code, § 3399), said clerk wrongfully issued said writ; and, upon judgment on the appeal in his favor, the plaintiff in the suit can maintain an action against the said clerk for such wrongful issuance of the writ, but not for the negligent taking of an improper bond.

3.   *Same; same; insolvency of sureties no ground of action.*—In an action against the clerk who took such a bond, the bond taken by the defendant not being conditioned so as to cover the damages sustained by plaintiff by reason of the suspension of the writ of restitution, and the action being brought to recover such damages, the fact that the defendant accepted said bond with insolvent sureties furnishes no ground of action; and a count of the complaint which bases plaintiff's right of recovery upon the negligent approval by the defendant of a bond with insolvent sureties is demurrable.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellant against the appellees, and as originally filed the complaint contained

three counts.   The complaint was subsequently amended by adding two additional counts.   Each count of the complaint, after averring the facts of the case, as set forth in the opinion, alleged their ground of action against the defendant by the following averments :   In the first count of the complaint, that "defendant failed to require of said Charles E. Welborne a bond for $360 conditioned according to law, to-wit, to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal ;" and that "plaintiff was entitled to sue upon the bond ordered to be taken by the judge of probate and recover double the yearly rental value of the premises, but by reason of the non-performance of said clerk and register of his duty in failing to require the bond he was ordered to take, plaintiff was damaged and kept out of possession of said house and lot for a long space of time, to-wit, seven months to his damage $360." In the second count :   "That by reason of the negligent performance of his duties as clerk and register in issuing his writ of *supersedeas* plaintiff was kept out of the possession of said premises for a long space of time, and by said defendant in the negligent performance of his duties in accepting and approving a bond improperly conditioned as hereinbefore set out, plaintiff was injured in double the yearly rental value of the premises, to-wit, $360."   In the third count :   "That plaintiff was entitled to sue for and recover the sum of three hundred and sixty dollars, as double the yearly rental value of said premises, but by reason of the worthless and insufficient bond accepted and approved by defendant in said cause, a judgment against said bond would have been and would be worthless, and would only entail on plaintiff useless trouble and expense.   That said bond was insufficient and worthless at the time it was negligenty approved by defendant, and has continued worthless and insufficient and plaintiff was kept for a long space of time out of the possession of such house and lot by the negligence of defendant as aforesaid, to-wit, eight months to his damage $360, hence this suit." In the fourth count :   "That said defendant, Nathan L. Miller, clerk and register as aforesaid, failed to take the bond in said cause required to be taken by him by the order of the judge of probate and conditioned according to law, to-wit, with condition to pay

[Wade v. Miller.]

the plaintiff all such damages as he may sustain by the prosecution of the appeal," and that "plaintiff was entitled to sue for and recover double the yearly rental value of the premises, towit, $360 on the bond required to be taken in said cause and required to be taken by the order of the judge of probate, directed to said clerk and register for the sum of $360 payable to plaintiff and conditioned according to law, towit, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal, and by reason of the non-performance or negligent performance by defendant of his duties as clerk and register of the city court of Birmingham, in failing to require and take the bond he was ordered to take and required by his duties as clerk and register to be taken, plaintiff is damaged in the sum of $360, hence this suit." In the fifth count: "Defendant failed to take the bond in said cause required to be taken by him by the order of the judge of probate and conditioned according to law, towit, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal," and that "plaintiff was entitled to sue for and receive double the yearly rental value of the premises, towit, $360 on the bond required to be taken in said cause, and required to be taken by the order of the judge of probate directed to said defendant, for the sum of $360 payable to plaintiff, and conditioned according to law, towit, with condition to pay plaintiff all such damages as he may sustain by the prosecution of the appeal, and by reason of the non-performance or the negligent performance by the defendant of his duties as clerk and register of the city court of Birmingham, in taking and accepting and approving a bond with an improper and wrongful condition, plaintiff suffered damages in the sum of $360, hence this suit."

The defendant demurred to each of these several counts of the complaint, upon the following, among other grounds: 5. Said counts do not allege or assign any breach of said clerk's or register's bond. 6. Said counts failed to state or show wherein the defendant acted wrongfully. 8. Said counts fail to show how the taking of the bond or any bond he is alleged to have failed to take contributed to the keeping of plaintiff out of possession of his said house. 9. Said counts count upon

the non-performance by defendant of his alleged duty in failing to require the bond he was ordered to take, and that by reason thereof plaintiff was kept out of possession of his said house and lot, but fails to show how the taking of said bond would have kept plaintiff in possession of the house and lot, or how the failure to take the bond kept plaintiff out of possession. 10. The alleged issuance of said writ of *supersedeas*, if no bond was executed to prevent a writ of restitution, did not have the effect of superseding said writ of restitution, and no bond being executed the writ of restitution was not superseded by said alleged *supersedeas* issued by said defendant. 11. Said counts show that the alleged writ of *supersedeas* did not supersede the writ of restitution, or otherwise prevent plaintiff from acquiring possession of his said house and lot under the said justice's judgment. 12. The issuance of a writ of *supersedeas* to the constable could not prevent the writ of restitution." Each of the several grounds of demurrer were sustained.

There was judgment for the defendant, and the plaintiff appeals, and assigns as error the sustaining by the court of the several grounds of demurrer interposed to the complaint.

WADE & VAUGHAN, for appellant.—1. In an unlawful detainer proceeding, an appeal does not prevent the issue of a writ of restitution, unless the defendant also executes a bond in double the yearly rental value of the premises, conditioned to pay the plaintiff such damages as he may sustain by the prosecution of the appeal. Code, § 3401.

2. In an ulawful detainer proceeding, where double the yearly rental value exceeds one hundred dollars, the appellate court can only render judgment for the premises and costs of court.—*Lykes v. Schwartz*, 91 Ala. 461; *Uhlman v. Herzberg*, 91 Ala. 458.

3. It is a general principle of the common law, that a public officer, and the sureties on his official bond are responsible for his acts, done by virtue or under color, or by means of the office he holds.—*Coleman v. Ormond*, 60 Ala. 330. The sureties on an official bond of an officer, are answerable, not only for the duties which the statute expressly declares he must perform, but also such duties, as by long practice of the court, he has been required to perform.

[Wade v. Miller.]

E. K. .CAMPBELL, *contra.*—1.   If there be any cause
of action at all the complaint does not set up one.   The
issuance of a writ of *supersedeas* directed to the constable
had no legal effect; so far as stopping a writ of restitu-
tion is concerned, because the writ of restitution could
only be directed to the sheriff.—Code, 1886, § 3387.

2.   The issue of a writ of *supersedeas*, if in fact no
bond had been executed, did not prevent a writ of resti-
tution.   The *supersedeas* is not the act of the clerk, but
the legal consequences of the bond.—*Gibbs v. Frost*, 4
Ala. 720.

3.   The clerk was ordered to do what he did, and there
was nothing in the way of the plaintiff having a writ of
restitution issued by motion in the city court for a *pro-
cedendo*, or by direct application . to the justice of the
peace.

McCLELLAN, J.—This record discloses an anomalous
course of proceeding in the court below.   Numerous
grounds of demurrer were assigned to the complaint and
to each·count thereof.   They were all sustained.   There
was no amendment of the complaint after the judgment
sustaining the demurrers to it.   But notwithstanding the
striking out of the entire complaint by that judgment, it
appears further from the judgment entry that, to quote
therefrom, the ''cause coming on to be heard by the court
without the intervention of a jury, according to law, the
court proceeds to hear the evidence, and after hearing
the same finds for the defendant,'' and renders judgment
in favor of the defendant for the costs of suit,   We have
thus a judgment on the merits without a complaint, with-
out a plea, without an issue, and without any agreement
supplying the place of these essentials, so far, at least, as
the record shows.   The case is submitted and argued on
both sides, however, upon the assumption that the ruling
of the trial court upon the demurrers was not waived be-
low, and is properly presented for revision by this record;
and we will consider that ruling.   The salient facts laid
in the complaint are the following :   Wade, the plaintiff
in this suit, recovered judgment against one Welborne in
an action of unlawful detainer before a justice of the
peace.   Welborne applied to the probate judge of Jeffer-
son for *certiorari* and *supersedeas* to remove the cause into
the city court of Birmingham, and to stay proceedings

under the justice's judgment until there could be a trial
*de novo* in the city court. The judge of probate made an
order directed to the defendant, who was and is clerk of
said city court, in the following language : . "Upon the
petitioner entering into bond with surety for the amount
of three hundred and sixty ($360.) dollars to W. H.
Wade, and approved by you, and conditioned according
to law, *supersedeas* and *certiorari* issue according to the
prayer of the petition." Three hundred and sixty dollars
was the amount of double the annual rental value of the
premises involved in the unlawful detainer suit. Upon
the filing of this order and the petition therefor with said
Miller, as clerk of the city court, he accepted from Wel-
borne a bond with surety in the sum required by the
order, but upon condition that Welborne should prose-
cute his appeal to effect, or, failing therein, should pay
such judgment both as to debt and costs as might be ren-
dered against him by said city court ; and thereupon is-
sued the writ of *certiorari* and *supersedeas* addressed to the
justice of the peace who rendered the judgment and to
the constable of said justice's court, commanding them "to
suspend all further proceedings on said judgment and
cease from further molesting the said C. E. Welborne on
occasion thereof until the further order of said city court."
No further proceeding was had upon said judgment, no
writ of restitution was issued, and Welborne continued
to detain the premises while the cause was pending in
the city court; a period of about seven months. At the
end of this period a judgment was rendered by default in
the city court against Welborne for the possession of the
premises in question and for the costs of the action.

On these facts there can, we think, be no doubt that
the defendant, the clerk of the city court, wrongfully is-
sued the writ of *certiorari* and *supersedeas*. He was com-
manded by the judge of probate and authorized by the
law to issue that writ only upon certain conditions being
complied with and upon certain contingencies transpir-
ing. He had no authority to issue it except upon the
execution by Welborne and approval by him of a bond
in the penalty prescribed by the order of the judge of
probate with the condition prescribed by law. The bond
he accepted was not conditioned as prescribed by law.
The statutory requirement, where it is sought to suspend
the writ of restitution upon appeal or *certiorari* from jus-

tices' judgments in forcible entry or unlawful detainer, is that the defendant shall execute bond with sureties, payable to the plaintiff, in the sum of twice the yearly value of the rent of the premises, "with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal," or *certiorari*.—Code, § 3401. The bond he took was not so conditioned, as we have seen, but to the contrary contained only a condition that did not at all protect the plaintiff from loss or damages resulting from the suspension of the writ of restitution. The bond taken indeed had only the condition requisite to removing the cause for trial *de novo* into the city court by appeal or *certiorari*, (Code, § 3399), and the statute itself expressly provides that such bond shall not suspend the writ of restitution in forcible entry and detainer and unlawful detainer cases. Code, § 3401. Yet upon this bond, without more, a writ of *supersedeas* was issued by the defendant to the justice of the peace who was authorized and whose duty it was to issue the writ of restitution. This command laid upon the justice by the superior court prevented the issuance by him of the writ of restitution, and thereby the plaintiff was damaged. We may concede for the argument that for this unauthorized issuance of the *supersedeas* the plaintiff, upon a proper statement of his case, would be entitled to recover whatever actual damages he sustained. But the case is not so presented in this complaint. The plaintiff claims solely for the taking of the bond, and not at all for the improper issuance of the writ. Now, the taking of the bond did not injure the plaintiff and could not have injured him, either in and of itself, because by the express words of the statute the taking of such bond does not "prevent the issue of a writ of restitution," nor as resulting in or requiring the issuance of a *supersedeas*, because the clerk had no more right after such bond was taken than he would have had without any bond to issue the *supersedeas*. The act complained of, in other words, is not the act which injured the plaintiff, and the act which did injure him is not complained of or counted on as a basis of recovery. The gravamen of the action, as laid in each count, was not that the plaintiff had been kept out of possession by reason of the wrongful issuance of the *supersedeas*, but that having been kept out of possession he was entitled to find in the clerk's office a bond

[Mayer v. Thompson-Hutchison Building Co. and Thompson-Hutchison Building Co. v. Mayer.]

securing his damages incident to being kept out of possession, and this right he was deprived of by the neglect of the clerk in respect of requiring a bond with a condition covering such damages.

The bond taken by the defendant not being conditioned so as to cover the damages sustained by plaintiff by reason of the suspension of the writ of restitution, and the sole effort being to recover such damages, it is of no consequence to the plaintiff, and would not be if he had sued for the wrongful issuance of the *supersedeas*, that the sureties accepted thereon by the defendant were insolvent. Whether the bond was solvent or not, the plaintiff could not have maintained an action upon it for the damages he claims it ought to have secured, and for which he now sues the clerk. The third count of the complaint which relied upon the negligent approval by the defendant of a bond with insolvent sureties was, therefore, bad.

The circuit court properly sustained demurrers to the several counts of the complaint, and its judgment is affirmed.