(95 South. 873)

## CROCKER v. GOLDSTEIN. (6 Div. 742.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Trial ⬤⟳11(1)—Statute for transfer of cause from equity to law side and from law to equity side does not apply to forcible entry and detainer.**

Acts 1915, p. 830, providing for transfer of causes from the law to the equity side, and from equity to the law side, of circuit court does not apply to forcible entry and unlawful detainer, wherein Code 1907, § 4271, forbids an inquiry into title, legal or equitable, upon a trial of such actions except as against damages.

**2. Appeal and error ⬤⟳964—Statute providing for transfers from law to equity side and vice versa, does not make failure to make original transfer ground for error.**

Acts 1915, p. 830, authorizes the assignment as error, on appeal from final judgment, the order transferring the cause, and when the cause is retransferred, it does not provide for basing error upon a failure or refusal to make the original transfer, and, as the instances in which error may be assigned are specifically provided for, others are presumptively excluded.

**3. Forcible entry and detainer ⬤⟳43(7½)—On appeal from justice to circuit court, latter court can render only such judgment as justice court could have rendered.**

Since a justice court has no jurisdiction to render judgment in an amount exceeding $100 for rent or detention, upon appeal from justice court to circuit court, in forcible entry and unlawful detainer, the circuit court can render only such judgment as the justice court could have rendered.

**4. Forcible entry and detainer ⬤⟳43(7½)—Unless judgment in justice court was superseded upon appeal, no necessity held to exist for accumulation of rent pending appeal.**

Though Code 1907, § 4282, relating to forcible entry and unlawful detainer, provides for judgment against the defendant and the securities on his supersedeas bond for the value of the rent of the premises pending the appeal, and the circuit court may render judgment for same, independent of the rental damages that could have been awarded by the justice, and this could be done whether claimed in the complaint or not, it could only be done in the event of the execution by defendant of a supersedeas bond and upon a motion by defendant that such judgment should be rendered.

**5. Forcible entry and detainer ⬤⟳43(7½)—Judgment of circuit court as to rental damages in excess of $100 held erroneous, where no supersedeas bond was given.**

Where, in an appeal from the justice's court to the circuit court in an action of forcible entry and unlawful detainer, there was no bond given at all, the appeal to the circuit court being based upon a security for costs, its judgment as to rental damages in excess of $100 was error.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by Joe Goldstein against J. L. Crocker. Judgment for plaintiff, and defendant appeals. Corrected and affirmed.

Black & Harris, of Birmingham, for appellant.

Whenever an equitable defense is suggested in a lawsuit and verified by affidavit, the trial judge must transfer the cause to the equity docket. Acts 1915, p. 830; Claborne v. Nichols, 204 Ala. 282, 85 South. 415; Warren v. Crow, 202 Ala. 680, 81 South. 636. A valid judgment cannot be rendered in an amount greater than the jurisdictional amount of the lower court. Lister v. Vowell, 122 Ala. 264, 25 South. 564; 25 Cyc. 752.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The statute does not contemplate removal of possessory actions from a law court, where there is no parallel in equity. Code 1907, §§ 4280, 4283; Acts 1915, p. 831. The defendant entered peaceably and unlawfully refused to give up possession, and therefore came within the statutory definition of forcible entry and detainer. Code 1907, § 4262; Sprouse v. Story, 144 Ala. 542, 42 South. 23. The circuit court may have jurisdiction of damages above justice jurisdiction on appeal.

ANDERSON, C. J. [1, 2] This is an action of forcible entry and unlawful detainer under chapter 89 of the Code of 1907, and is what is termed a possessory action, which must originate in the justice court, and is only tried in the circuit court upon appeal or when removed thereto under section 4283 of the Code. It may be questioned if the Act of 1915, p. 830, in providing for the transfer of causes from the law to the equity side or from the equity to the law side of the circuit court, applies to cases other than those originally filed in said court and not those taken there by appeal. At any rate, it is manifest that it has no application to forcible entry and unlawful detainer, wherein section 4271 forbids an inquiry into title, legal or equitable, upon the trial of such actions except as against damages. Archer v. Sibley, 201 Ala. 495, 78 South. 849. The Legislature did not intend by the Act of 1915 to revise or repeal express provisions relating

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to these possessory actions. Moreover, if said act applied, it is questionable as to whether or not the denial of the defendant's motion to transfer is not discretionary with the trial court and is revisable upon this appeal. The act authorizes the assignment as error, on appeal from final judgment, the order transferring the cause and when the cause is retransferred; but we find nothing basing error upon a failure or refusal to make the original transfer, and, as the instances in which error may be assigned are specifically provided for, others are presumptively excluded.

The trial court did not err in refusing the general charge as to the forcible entry count, for, while the defendant claims to have entered lawfully as covered by section 4263 of the Code, there was also evidence from which the jury could infer that he entered peaceably but not lawfully; that is, without the consent of the plaintiff and as covered by the last part of section 4262 of the Code of 1907.

[3-5] This case started in the justice court, which had no jurisdiction to render a judgment for exceeding $100 for rent or detention, and upon appeal the circuit court could render only such judgment as the justice could have rendered. Lykes v. Schwartz, 91 Ala. 461, 8 South. 71; Giddens v. Bolling, 92 Ala. 586, 9 South. 274. It is true that section 4282 of the Code provides for judgment against the defendant and the securities on his supersedeas bond, for the value of the rent of the premises pending the appeal, and the circuit court may render judgment for same, independent of the rental damages that could have been awarded by the justice (Giddens v. Bolling, supra), and this could be done whether claimed in the complaint or not, yet it can be done only in the event of the execution by the defendant of a supersedeas bond and upon a motion by the plaintiff that such judgment should be rendered. In other words, unless the judgment in the justice court was superseded upon appeal, there should be no necessity for the accumulation of rent pending the appeal. Helton v. Ft. Gaines Oil & Guano Co. (Ala. Sup.) 39 South. 925. There was not only no supersedeas bond in this case, but no bond at all, the appeal to the circuit court being based only upon a security for cost, and the judgment, as to rental damages in excess of $100, was erroneous. The judgment of the circuit court is therefore corrected by the reduction of same to $100, with interest since the date of same in the circuit court, and as corrected is affirmed. Cost of the appeal to be taxed to the appellee.

Corrected and affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.