(105 So. 811)

WASHINGTON et al. v. SPRIGGS.
(6 Div. 154.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. Forcible entry and detainer ⊙⇒29(2)—All evidence shedding light on actual possession is admissible in forcible entry and detainer action.

While forcible entry and detainer is purely possessory action, one in which title or constructive possession as an incident of title is not involved, all evidence of relations of parties shedding light upon actual possession at time of bringing suit is admissible.

2. Forcible entry and detainer ⊙⇒29(2)—Contract showing relation of parties in constructing house by defendant on plaintiff's land properly admitted in evidence.

In forcible entry and detainer, contract showing that plaintiff permitted defendant's assignor to build house on his land for use only during active mining operations held admissible in evidence.

3. Forcible entry and detainer ⊙⇒34—Affirmative charge held properly refused on evidence tending to show actual possession.

In forcible entry and detainer by owner of surface of land, who had permitted building of house for use during active mining operations, his testimony to dominion and control in looking after the house, leasing it, etc., held sufficient if believed to show his actual possession; hence affirmative charge for defendant was properly refused.

4. Forcible entry and detainer ⊙⇒9(3)—Leaving doors open did not prevent possession.

Possession of a house, by plaintiff in forcible entry and detainer, was not prevented by the fact that doors were left open and unlocked.

5. Evidence ⊙⇒471(27), 502—Witness may testify to possession in general terms, but is subject to cross-examination to test truth and accuracy of statements.

Witness, in forcible entry and detainer, may testify in general terms to possession, but is subject to cross-examination to test truth and accuracy of statements, and as to whether witness knows import of possession as applicable to such cases.

6. Forcible entry and detainer ⊙⇒45—Appeal without supersedeas bond does not suspend issuance of writ of possession.

An appeal to circuit court from judgment of forcible entry and detainer, or unlawful detainer, does not suspend the issuance of writ of possession or restitution pending appeal, unless supersedeas bond under Code 1923, § 8022, is given.

7. Forcible entry and detainer ⊙⇒43(4)—Clause in bond providing compliance with such other order held not equivalent to clause requiring payment of such damages.

Clause in bond, on appeal from forcible entry and detainer, that compliance will be had "with such other order as may be rendered" in addition to condition in ordinary bond (Civ. Code, vol. 4, p. 243, No. 3) held not equivalent to condition requiring payment of such damages as may be sustained by prosecution of appeal, as required in Code 1923, § 8022.

8. Forcible entry and detainer ⊙⇒43(8)—No judgment can be taken against defendant on bond for rents pending appeal, unless statutory supersedeas bond is given.

Unless statutory supersedeas bond is given, in appeal in forcible entry and detainer, no judgment shall go against defendant or sureties on his bond for rents of property pending the appeal, and such judgment cannot be sustained against defendant alone on theory of his liability for rent independent of bond; plaintiff having elected not to take writ of restitution.

9. Forcible entry and detainer ⊙⇒45—Judgment for rents pending appeal cannot be taken, unless supersedeas bond is given.

Code 1923, § 8014, gives no right to judgment against defendant for rents pending appeal taken without supersedeas bond.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Action of forcible entry and unlawful detainer by E. S. Spriggs against Emiline Washington and Eli Washington. Judgment for plaintiff, and defendants appeal. Corrected and affirmed.

Livingston & Smith and Foster, Verner & Rice, of Tuscaloosa, for appellants.

A judgment by the circuit court, on appeal, for the value of rents, pending the appeal, depends entirely upon the execution and existence of a supersedeas bond. Code 1907, § 4282; Helton v. Ft. Gaines O. & G. Co. (Ala. Sup.) 39 So. 925; Crocker v. Goldstein, 209

WASHINGTON v. SPRIGGS 623
(213 Ala.)

Ala. 172, 95 So. 873. In an action of forcible entry and detainer the estate or merits of the title cannot be inquired into; all questions as to the ultimate title or right of possession, as distinguished from actual possession, are excluded from the jury. Code 1907, § 4271; Dent v. Stovall, 200 Ala. 193, 75 So. 941; Archer v. Sibley, 201 Ala. 495, 78 So. 849; Horsefield v. Adams, 10 Ala. 9; Knowles v. Ogletree, 96 Ala. 555, 12 So. 397; Farley v. Bay Shell Road, 125 Ala. 184, 27 So. 770.

Brown & Ward, of Tuscaloosa, for appellee.

When evidence is admitted for a limited purpose, either party may ask an instruction that it is to be considered only for that purpose. Ala. Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158. A supersedeas bond is presumed, when stated in the judgment, and it is proper to render judgment for rents pending appeal. Code 1907, §§ 4281, 4282; Powell v. Sturdivant, 84 Ala. 444, 4 So. 719; Helton v. Ft. Gaines Co. (Ala. Sup.) 39 So. 925. Muniments of title, etc., are admissible to show description and explain possession, relation of parties, etc. Turnley v. Hanna, 82 Ala. 139, 2 So. 483; Barefoot v. Wall, 118 Ala. 327, 18 So. 823; Patterson v. Folmar, 125 Ala. 130, 28 So. 450; Bailey v. Blacksher, 142 Ala. 254, 37 So. 827; Dent v. Stovall, 200 Ala. 193, 75 So. 941. The judgment here is good as to the principals, and the sureties do not appeal. Medlin v. Wilkerson, 81 Ala. 147, 1 So. 37; Powell v. Sturdivant, supra; Code 1907, §§ 4269, 4753. Possession may be testified to as a collective fact. Hood v. Johnston, 210 Ala. 617, 99 So. 75; McCraw v. Lindsey, 209 Ala. 214, 95 So. 898; Stephens v. Bowen, 209 Ala. 417, 96 So. 331; Code 1907, § 2456.

BOULDIN, J. The action is for forcible entry and detainer. The property sued for is described as "that certain three-room house upon west half of northeast quarter of section eleven, township twenty-two, range eight, built by Mr. L. E. Patton," etc.

The plaintiff, after testifying the house was built by L. E. Patton, and that plaintiff resided upon the tract of lands, offered a contract in writing between him and Patton giving the latter the right to build the house, describing the same tract of lands, and providing that, whenever Patton ceases mine operations and discontinues the permanent use of the dwellings for mine operations, all dwellings shall revert to plaintiff, the owner of the surface right of the land. This contract was admitted, over the objection of defendant, but limited to whatever force it might have as to the possession of the house. The contract was admissible in connection with the other evidence to identify the house with the description in the complaint. This,

however, was not the purpose for which it was admitted.

In the further progress of the trial it appeared, without objection, that Calhoun Land & Mining Company succeeded Patton in the operation of the mines; and the defense set up was that this company was still in possession of the house when suit brought, the defendant having entered under them.

The plaintiff introduced evidence tending to show a permanent abandonment of the mines, the removal of other buildings, the tipple, and track. This line of evidence was later excluded upon motion of defendant as immaterial to the question of actual possession of the house in suit, but the other evidence remained.

[1] While forcible entry and detainer is a purely possessory action, one in which the title or constructive possession as an incident of title is not involved, all evidence of the relations of the parties shedding light upon the actual possession at the time of bringing suit is admissible.

We think the case presented two phases under which plaintiff, on his version of the facts, was the party in possession at the time this defendant entered forcibly over his protest and refused to get out.

First, actual possession of the tract of lands upon which the house was located was admittedly in plaintiff when the house was built to be occupied during mining operations. The contract so admitted, the entry was made pursuant thereto, and Patton and persons holding under him were estopped to question the possession extending to the ground occupied by the house.

[2] If, as plaintiff's evidence tended to show, the house had been abandoned, left with all doors open, unoccupied by persons or property of others after the possessory right of Patton and successors had terminated, the possession of plaintiff was thereby restored, and any later entry would be a trespass. Even muniments of title with which defendant is in no way connected may be offered by plaintiff in this form of action, not as evidence of title and right of possession, but as defining and fixing the boundaries of actual possession. Much more so is a contract showing and admitting the actual possession as between the parties and their privies. On this theory, the contract was properly admitted as going, in connection with the other evidence, to show possession of the house by plaintiff. Dent v. Stovall, 200 Ala. 193, especially par. 7, pp. 194, 195, of opinion, 75 So. 941, 943, we regard as a direct authority. See, also, Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770.

[3-5] Second, evidence that plaintiff, residing within sight of the house and on the same tract of land, seeing it vacated, looked after it, proceeded to make a contract to rent it, and kept such watch over it as to discover defendants moving in, and proceeded

at once to interpose objection, if believed, was sufficient to show actual possession in plaintiff. The fact that the doors were left open and unlocked did not prevent possession by actual oversight and control. Possession is a fact to which a witness may testify in general terms. Such testimony is subject to cross-examination to test the truth and accuracy of the statement, and whether the witness knows the import of "possession" as applicable to the case in hand. Persons often speak of what belongs to them as their possessions, and consider possession as synonymous with ownership. Experience shows a witness sometimes testifies that he is in possession of real estate in this sense. The effect is to declare himself in constructive possession which follows title, in the absence of actual possession in another. As such, it is merely the expression of a legal opinion, and incompetent. If it develops on further examination or cross-examination that the witness is testifying to possession in that sense, his statement should be excluded.

The testimony here shows that the plaintiff was testifying to actual possession; that, when the former tenant of the mining company vacated the house several months before defendants entered, plaintiff took actual dominion over it.

Defendants were not entitled to the affirmative charge.

[6] An appeal to the circuit court from a judgment of forcible entry and detainer or unlawful detainer does not suspend the issuance of a writ of possession or restitution pending appeal, unless a supersedeas bond is given as prescribed by statute. Code, § 8022. The condition of such bond is "to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal." The condition of the bond in the case at bar is to "pay such judgment both as to debt and costs, or comply with such other order, as may be rendered against them by the said circuit court."

[7] This is the condition of the ordinary appeal bond. (No. 3, p. 243, Civil Code, vol. 4), except for the added words "or comply with such other order." This clause is not the equivalent of "pay such damages," etc.

[8] If the statutory supersedeas bond is not given, no judgment shall go against defendant or the sureties on his bond for rents for use of the property pending the appeal. Crocker v. Goldstein, 209 Ala. 172, 95 So. 873; Helton v. Ft. Gaines Oil & Guano Co. (Ala. Sup.) 39 So. 925; Wade v. Miller, 104 Ala. 604, 16 So. 517.

In the last cited case the condition of the bond was substantially as here, and seems conclusive that no judgment should have been rendered for rents pending the appeal.

It is suggested that, the judgment reciting the existence of a supersedeas bond, it should be presumed a separate bond was before the court not appearing in the record here. Such presumption was indulged on the state of the record shown in Helton v. Ft. Gaines Oil & Guano Co., supra.

Here, however, the judgment refers to the "appeal and supersedeas bond"; the transcript from the justice court recites the taking of only one bond; the sureties named in the judgment are the same as appear on the bond in the record. In this state of the case we must presume the record before us contains a full transcript as certified, and that the court below treated the bond as a sufficient supersedeas bond.

Informal bonds, intended to operate as supersedeas bonds and treated by the parties as such, are often given effect as common-law bonds; but, in order to warrant a statutory judgment, the bond must conform to statutory terms.

It is further suggested that defendants being liable for rents without bond, there was no error in the judgment as to them, and the sureties do not appeal. The case of Powell v. Sturdevant, 85 Ala. 243, 4 So. 718, relied upon in support of this view, dealt with the statutory damages allowed for wrongful holding over in actions of unlawful detainer. Code, § 8014.

[9] While the supersedeas bond is discussed, the opinion shows the recovery was sustained under the above statute. The statute does not contemplate any judgment against defendant for rents pending the appeal, unless a supersedeas bond is given. He has the election to appeal without such bond, leaving it open to plaintiff to have a writ of restitution, if he so elects. If permitted to remain in possession, it is without liability for rents pending the appeal. Such is the effect of our statutory provisions construed as a whole.

The judgment will be here corrected, striking out the recovery for rents, and as corrected will be affirmed. Costs of appeal will be taxed one-half to each party.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.