99 So.2d 41

### Ouida S. DONALD

v.

### S. Palmer KEITH, Jr.

### 6 Div. 146.

Supreme Court of Alabama.

Oct. 31, 1957.

Rehearing Denied March 6, 1958.

---

Frank B. Parsons, Fairfield, for appellant.

S. Palmer Keith, Jr., Birmingham, for appellee.

SIMPSON, Justice.

This is a suit on the common counts for money had and received and for use and occupation of land. From an adverse judgment plaintiff brings this appeal.

Ouida S. Donald, the plaintiff, had leased certain premises to one Barbara Matthews.

**137**

After a dispute had arisen, the plaintiff brought an action of unlawful detainer against Matthews to recover possession of the property and the rent owing. In September, 1953 the appellant recovered a judgment against Matthews for the possession of the property and the rent then owing. From this judgment Matthews took an appeal to this court. In April, 1953 the premises were sub-leased by Matthews to one George Goldson. Goldson paid the rent to defendant-appellee Keith until November, 1955. It seems that the tenant Matthews assigned Keith the rent from the subtenant so that a debt owing to appellee Keith by tenant Matthews could be paid.

Tenant Matthews did not file a supersedeas bond when she appealed to this court from the judgment in the unlawful detainer action. Nor did the plaintiff in the unlawful detainer action apply for a writ of restitution. It is the rent during the pendency of the appeal to this court that is sought by the plaintiff by this action.

After hearing the evidence the trial court entered judgment for the defendant. In the minute entry it is stated: " * * * on the basis of Washington v. Spriggs, 213 Ala. 622, 105 So. 811, and other pertinent authority (cases and statute); * * * It is ordered and adjudged by the court that the plaintiff is not entitled to have and recover of the defendant in this behalf, * * * ". It is apparent from the judgment entry that the trial judge based his findings upon the case of Washington v. Spriggs, supra. There at page 624 of 213 Ala., at page 813 of 105 So. the following appears in the opinion:

"The statute [now Title 7, § 986, Code of 1940] does not contemplate any judgment against defendant for rents pending the appeal, unless a supersedeas bond is given. He has the election to appeal without such bond, leaving it open to plaintiff to have a writ of restitution, if he so elects. If permitted to remain in possession, it is without liability for rents pending the appeal.

Such is the effect of our statutory provisions construed as a whole."

The trial court interpreted the above to mean that the defendant would not be liable for rents pending the appeal were he cast in the suit. We do not think such a construction squares with the holding of our cases. We think the import of the above quotation was that there would be no liability for rents in the unlawful detainer action pending the appeal unless defendant gave a supersedeas bond. Indeed it was stated in Washington v. Spriggs that "If the statutory supersedeas bond is not given, no judgment shall go against the defendant or the sureties on his bond for rents for use of property pending the appeal. Crocker v. Goldstein, 209 Ala. 172, 95 So. 873; Helton v. Ft. Gaines Oil & Guano Co., Ala. Sup., 39 So. 925; Wade v. Miller, 104 Ala. 604, 16 So. 517".

The rule in Washington v. Spriggs seems to have arisen from the above three cases. Helton v. Ft. Gaines Oil & Guano Co., Ala. Sup., 39 So. 925, 926 states:

"While the rendition of the judgment for the value of rents pending the appeal does not depend upon any claim being laid in the complaint for such damages, yet it does depend upon the execution and existence of a supersedeas bond and a motion by the plaintiff that such judgment should be rendered."

Crocker v. Goldstein, 209 Ala. 172, 173, 95 So. 873, 874, stated:

"It is true that section 4282 [now § 986, Title 7] of the Code provides for judgment against the defendant and the securities on his supersedeas bond, for the value of the rent of the premises pending the appeal, * * * yet it can be done only in the event of the execution by the defendant of a supersedeas bond and upon a motion by the plaintiff that such judgment should be rendered. In other words, unless the judgment in the justice court was su-

perseded upon appeal, there should be no necessity for the accumulation of rent pending the appeal. Helton v. Ft. Gaines Oil & Guano Co., Ala.Sup., 39 So. 925".

Title 7, § 986, Code of 1940 provides in part as follows:

"* * * and judgment must also be rendered against the defendant and the sureties on his supersedeas bond for the value of the rent of the premises pending the appeal."

It was the holding of the trial court that because of the rule stated above plaintiff could not recover in this independent suit for the rent paid the appellee pending the appeal of the unlawful detainer action. We think the learned court was in error in this holding. The first distinction to be noted between that line of cases above and the present litigation is the parties and type action. The action for unlawful detainer has been litigated and judgment rendered. This is a subsequent independent action to recover the rent which was due but unpaid pending appeal. To this type of situation the aforestated rule should not apply. While it is true, for the plaintiff to be entitled to a judgment against the defendant and his sureties for rent pending the appeal from a judgment in an unlawful detainer action, the defendant must have given a supersedeas bond, authorities supra, the failure of the defendant to file a supersedeas bond should not prevent the plaintiff from recovering the rent lawfully due in a subsequent independent action. Robbins v. Battle House Company, 74 Ala. 499, 506; Giddens v. Bollings, 92 Ala. 586, 590, 9 So. 274, 275. As stated in both of these cases, "This section [now Title 7, § 986] provides that 'judgment may also be rendered against the defendant and his sureties on his *supersedeas* bond for the value of the rent of the premises pending the appeal.' The execution of the *supersedeas* bond secures to such plaintiffs in such appeal cases full indemnity and re-

dress *without the delay and expense of a new and independent suit."* (Emphasis added.)

It is our opinion, therefore, and we so hold that the rule stated in Washington v. Spriggs is not here controlling to bar appellant's recovery for the rents lawfully due her and to which appellee is not shown to have been entitled. See Barnett v. Warren, 82 Ala. 557, 2 So. 457; Farmers' Bank & Trust Co. v. Shut and Keihn, 192 Ala. 53, 68 So. 363; Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 144 So. 7; Levinshon v. Edwards, 79 Ala. 293; Ex parte Morton, 261 Ala. 581, 75 So.2d 500; Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A.L.R. 1063; Christie v. Durden, 205 Ala. 571, 88 So. 667; Tipton v. Duke, 221 Ala. 77, 127 So. 524; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Branch Bank of Mobile v. Fry, 23 Ala. 770; Price v. Pickett, 21 Ala. 741.

■ While the following principle has not been mentioned in brief and argument, we think it proper to notice it. Had the defendant or his assignor of the rent been holding the property adversely or in repudiation of the plaintiff's title at the time of occupation or the collection of the rent the action could not be maintained. But here the title of the plaintiff to the property was not disputed by the defendant or his assignor and her right to the possession had already been decided in her favor by the unlawful detainer suit. Young v. Garber, 149 Ala. 196, 42 So. 867; Lockard v. Barton, 78 Ala. 189.

One final observation. Were the statutes considered in Washington v. Spriggs subject to the construction that unless defendant should give a supersedeas bond in appealing in such an action the successful plaintiff would lose rent to which he was justly entitled (thereby forcing plaintiff to the sole alternative of a writ of restitution) serious constitutional questions would arise.

We do not believe the law should operate to such result.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.