THOMPSON, Presiding Judge.
Willie Jerome Davis (“the husband”) petitions this court for a writ of mandamus directing the Elmore Circuit Court (“the trial court”) to enter an order approving the husband’s unopposed statement of facts, pursuant to Rule 10(d), Ala. R.App. P.
The materials the husband submitted in support of his petition indicate the following.[1] Laquana Vonsha Davis (“the wife”) filed a complaint for a divorce in the trial court on December 10, 2013. The husband, who is incarcerated in a federal prison in Kentucky, timely answered the wife’s complaint. On January 24, 2014, the trial court entered an order setting a final hearing in the matter for March 5, 2014. However, the materials indicate that the letter mailed to the husband containing that order was returned to the Elmore circuit clerk’s office (“the clerk’s office”) because it had an “incomplete name/register number.” A stamp on the envelope also states: “Return to sender, insufficient address, unable to forward.” Although the postmark is unclear, the envelope is stamped with a date in February 2014. Furthermore, the docket sheet for this case available on the alacourt.com Web site, which contains information and data derived from the State Judicial Information System, includes a “miscellaneous” entry that states “bad address.” The husband asserts that that entry reflects that the clerk’s office received a return receipt postal card indicating an insufficient address for him.
On March 5, 2014, the hearing was held as scheduled. No recording or transcript of the hearing exists, but it is undisputed that the husband did not participate in the *1040 hearing. On March 6, 2014, the trial court entered a default judgment against the husband and awarded the wife certain real property (“the real property”) and a settlement check (“the check”) issued by the United States Department of Agriculture arising out of litigation brought on behalf of African-American farmers. The husband asserts that he has an interest in both the real property and the check. In an affidavit submitted to the trial court, which is included in the materials before this court, the husband stated that, although he is not permitted to leave prison to attend a divorce hearing, prison rules would allow him to testify and take part in such a hearing by telephone.
The husband filed a timely post-judgment motion, which the trial court denied on May 28, 2014. The husband then filed a timely notice of appeal. In this court, the appeal was assigned case number 2130821. After filing the notice of appeal, the husband filed in the trial court a statement of facts, pursuant to Rule 10(d), Ala. R.App. P., which includes his assertion that the clerk’s office has a document proving that he did not receive notice of the March 5, 2014, final hearing but has not included that document in the record. Because he did not participate in the hearing, the husband included allegations contained in his answer as part of his statement of facts. The certificate of service for the statement of facts indicates that the attorney for the wife was electronically served with the statement of facts.
On August 7, 2014, the husband filed a motion seeking an order approving his statement of facts. On that same day, he filed a corrected statement of facts. There is no indication that the wife has opposed the husband’s Rule 10(d) statement of facts. The record on appeal in case number 2130821 indicates that the husband filed two motions to supplement the record with his statement of facts. On August 29, 2014, the husband filed a renewed motion for an order approving the statement of facts. On September 9, 2014, the trial court denied the motion, but it did not issue its own statement of facts as required by Rule 10(d). Therefore, the husband filed this petition. On October 17, 2014, the husband moved to suspend the time for filing his appellate brief in ease number 2130821 because, he said, the trial court had not yet approved the unopposed statement of facts. This court granted the motion on October 20, 2014.
“The standard governing our review of an issue presented in a petition for the writ of mandamus is well established:
“ ‘[Mjandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Cupps, 782 So.2d 772, 774-75 (Ala.2000) (quoting Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)).
Rule 10(d), Ala. R.App. P., provides, in pertinent part:
“If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. If the appellant prepares such a statement, the appellant shall serve it on the appellee within 28 days (4 weeks) after filing the notice of appeal; the appellee, within 14 days (2 weeks) after service, may serve on the appellant objections or proposed amendments to the statement.... If the appellee serves on *1041 the appellant any objections or proposed amendments, then, within 7 days (1 week) after service, the appellant shall file the statement and any objections or proposed amendments with the trial court for settlement and approval. Within 21 days (3 weeks) after the filing, the trial court shall rule, settling any questions regarding the objections and proposed amendments, and issuing an approved statement of the evidence or proceedings. The statement, either as approved by the court or as issued by the court after its ruling, shall be filed with the clerk of the trial court, who shall include it in the record on appeal.”
This court understands the trial court’s refusal to approve the husband’s statement of facts, which includes “facts” that were not adduced during the presentation of evidence but, instead, were asserted in the husband’s answer. In Vreeland v. Marshall, 584 So.2d 809, 811 (Ala.1991), our supreme court held that a trial court did not err by failing to supplement the record with the appellant’s proposed statement of facts made pursuant to Rule 10(d). In reaching that holding, the court explained that
“[t]he plain language of Rule 10(d) indicates that it pertains only to ‘evidence or proceedings at a hearing or trial.’ Here, rather than reconstructing the proceedings or evidence at a hearing or trial, the statements ... recount conversations that took place at a pretrial conference that was held in the trial judge’s chambers. Conversations at a pretrial conference do not fit within the meaning of ‘evidence or proceedings’ as used in Rule 10(d). We hold that Rule 10(d) was not intended to provide a means by which to reconstruct statements that were made at a pretrial conference and that contradict the written orders of the court.”
Vreeland, 584 So.2d at 811 (emphasis added); see also Warner v. Pony Express Courier Corp., 675 So.2d 1317 (Ala.Civ.App.1996). Because the husband’s statement of facts does not reconstruct a record of the March 5, 2014, hearing, the trial court did not err in refusing to approve the statement.
However, the husband also attempted to have the record supplemented with documentation demonstrating that the notice of the March 5, 2014, hearing was mailed to an “insufficient address” and returned to the clerk’s office. In his motion to vacate the March 6, 2014, divorce judgment and in subsequent motions in which he attempted to have the record supplemented, the husband contends that that lack of notice of the hearing, which, he says, resulted in a loss of property, i.e., his interest in the real property and the check, deprived him of his right to due process. Although the husband has not yet filed an appellate brief in case number 2130821, in his mandamus petition he indicates that the alleged deprivation of his right to due process will be an issue on appeal.
The role of an appellate court is to review, and, when appropriate, to correct errors committed in the proceedings below, and it is bound by the record or materials before it. Keeling v. Keeling, 145 So.3d 763, 773 (Ala.Civ.App.2014); Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).
“An appellant bears the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App.1985). When an official record is unavailable, reconstruction of the record by the parties is an accepted procedure. Perkins v. Perkins, 465 So.2d 414 (Ala.Civ.App.1984).”
Bobo v. Bobo, 585 So.2d 54, 56 (Ala.Civ.App.1991). Here, the husband has at *1042 tempted to ensure that this court will have an adequate record to provide a meaningful review of the issues on appeal in case number 2130821. However, he mistakenly attempted to supplement the record by means of a motion filed pursuant to Rule 10(d) rather than Rule 10(f), which governs the procedure for supplementing or correcting the record. Nonetheless,
“‘[o]ur caselaw is clear ... that it is the substance of a motion, not its nomenclature, that is controlling; “the relief sought in a motion determines how to treat the motion.”’ Campton v. Miller, 19 So.3d 245, 249 (Ala.Civ.App.2009) (quoting Allied Prods. Corp. v. Thomas, 954 So.2d 588, 589 n. 3 (Ala.Civ.App.2006)).”
Chamberlin v. Chamberlin, [Ms. 2130155, Oct. 3, 2014] — So.3d -, - (Ala.Civ.App.2014)
Rule 10(f), Ala. R.App. P., provides, in pertinent part:
“If admitted or offered evidence that is material to any issue on appeal is omitted from the record after being designated for inclusion as required in Rule 10(b), [Ala. R.App. P.,] or if any question arises as to whether the record correctly reflects what occurred in the trial court and the parties cannot stipulate what action should be taken to supplement or correct the record, the appellant or the appellee may file with the trial court a motion to supplement or correct the record on appeal.... Any party filing a motion with the trial court pursuant to this rule shall file a copy of the motion with the clerk of the appellate court and shall serve a copy on the appropriate court reporter, if the reporter’s transcript is to be supplemented or corrected, and on all other parties. Within 14 days (2 weeks) after the filing of a motion pursuant to this rule or after the parties have stipulated as to what action should be taken, the trial court shall enter such orders as are necessary to ensure that the record is complete and that it conforms to the truth. Failure by the trial court to rule on any motion filed in accordance with this rule within that 14-day (2-week) period shall constitute a denial of the motion as of the date of the expiration of the period.
“Any dissatisfied party may, within 7 days (1 week) after the entry of an order on a motion to supplement or correct the record, or, if no order is entered, within 7 days (1 week) of the expiration of the 14-day (2-week) period provided in this rule for entry of an order by the trial court, seek appropriate relief in the appellate court.”
(Emphasis added.)
Documentation indicating that the husband did not receive notice of the March 5, 2014, hearing would be relevant to the issue of whether the husband’s due-process rights were violated when the trial court went forward with that hearing. Thus, the husband is entitled to have the record supplemented with any documentation indicating he did not receive notice of the March 5, 2014, hearing. Accordingly, under the authority of Rule 10(f), we grant the petition to the extent that the husband, in essence, seeks to supplement the record pursuant to Rule 10(f). The trial court is directed to supplement the record with the documentation the husband seeks to include in the record. If no such documentation exists, the trial court should enter an order to that effect. However, as discussed above, we conclude that Rule 10(d) is not applicable in this case. Therefore, to the extent that the husband, in his mandamus petition, seeks to require the trial court to comply with Rule 10(d), the petition is denied.
In directing the trial court to supplement the record, this court makes no de *1043 termination as to the merits of the husband’s underlying issue, that is, whether he was deprived of his right to due process or whether the March 6, 2014, judgment is due to be set aside. We hold only that the record on appeal in case number 2130821 is due to be supplemented pursuant to Rule 10(f).
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Laquana Vonsha Davis, the plaintiff in the case below, did not file an answer to the husband's petition.