PER CURIAM.
Willie Jerome Davis (“the husband”) appeals from a judgment (“the divorce judgment”) of the Elmore Circuit Court (“the trial court”) divorcing him from LaQuana Vonsha Davis (“the wife”) and dividing their marital assets. This court assigned that appeal case no. 2130821. The husband also appeals from the trial court’s subsequent order entered in the divorce action that, among other things, directed the wife to pay attorney Jerry M. Blevins an attorney fee - for legal services he had provided to the husband in an unrelated criminal matter. This court assigned that appeal case no. 2140086.
This is one of two proceedings in which the husband has sought appellate review in this court in regard to the divorce action. In the other proceeding, he previously filed a petition for a writ of mandamus in which he sought, among other things, to have this court direct the trial court to supplement the record on appeal in case no. 2130821 with documentation that he said indicated that he had not received notice of the final hearing in the divorce action. Ex parte Davis, 169 So.3d 1038, 1042 (Ala.Civ.App.2014). This court granted the husband’s petition in part, holding that the record on appeal in case no. 2130821 was due to be supplemented pur *978 suant to Rule 10(f), Ala. R.App. P. Ex parte Davis, 169 So.3d at 1043.
In Ex parte Davis, this court set forth the following facts relevant to the disposi-tive issue in case no. 2130821, the appeal of the divorce judgment, stating:
“(The wife] filed a complaint for a divorcé in the trial court on December 10, 2013. The husband, who is incarcerated in a federal prison in Kentucky,[ 1] timely answered the wife’s complaint. On January 24, 2014, the trial court entered an order setting a final hearing in the matter for March 5, 2014. However, the materials indicate that the letter mailed to the husband containing that order was returned to the Elmore circuit clerk’s office (‘the clerk’s office’) because it had an ‘incomplete name/register number.’ A stamp on the envelope also states: ‘Return to sender, insufficient address, unable to forward.’ Although the postmark is unclear, the envelope is stamped with a date in February 2014. Furthermore, the docket sheet for this .case available on the alacourt.com Web site; which contains information and data derived from the State Judicial Information System, includes a ‘miscellaneous’ entry that states ‘bad address.’ The husband asserts that that entry reflects that the clerk’s office received a return receipt postal card indicating an insufficient address for him.
“On .March 5, 2014, the hearing was held as scheduled. No recording or transcript of the hearing exists, but it is undisputed that the husband did not participate in the hearing. On March 6, 2014, the trial court entered a default judgment against the . husband and awarded the wife certain real property (‘the real property’) and a settlement check (‘.the check’) issued by the United States Department of Agriculture arising out of litigation brought on behalf of African-American farmers. The husband asserts that he has an interest in both the real property and the check. In an affidavit submitted to the trial court, which is included in the materials before this court, the husband. stated that, although he is not permitted to leave prison to attend a divorce hearing, prison rules would allow him to testify and take part in such a hearing by telephone.
“The husband filed a timely post-judgment motion, which the trial court denied on May 28, 2014. The husband then filed a timely notice of appeal. In this court, the appeal was assigned case number 2130821.”
Ex parte Davis, 169 So.3d at 1040.
One of the provisions of the divorce judgment ordered the wife to execute the settlement check (“the check”) issued by the United States Department of Agriculture arising out of litigation brought on behalf of African-American farmers and .to use the proceeds to “extinguish the legal services debt owed by [the husband] to ... Blevins for the legal defense provided by attorney Blevins to the [husband] in the United States District Court Criminal case which led to the [husband’s] conviction and incarceration in the federal penitentiary under a life sentence.” ■ The check had been made payable only to the husband.
On April 4, 2014, while the husband’s postjudgment motion was pending, Blevins filed a motion to intervene in the divorce action. In his- motion, Blevins asserted that the wife had paid him only $30,000 out of the proceeds of the check — the total *979 amount of which, he said, he believed to be $52,000[2] — and had retained $22,000 for herself.[3] The trial court granted the motion to intervene on May 28, 2014. On June 2, 2014, Blevins filed a motion for the entry of a judgment against the wife, seeking the money he said she had retained from the check. After considering a number of motions (including the husband’s “motion for clarification on issue of jurisdiction,” filed on June 5, 2014, in which he questioned whether the trial court had jurisdiction in the divorce action after May 28, 2014, when it denied the husband’s postjudgment motion) and after conducting several hearings on those motions, the trial court entered an order in the divorce action on September 10, 2014, requiring the wife to pay Blevins $9,980.50. The September 10, 2014, order does not state that the award is to be paid from the proceeds of the check.
The husband, who is represented by counsel on appeal, filed a timely notice of appeal of the September 10, 2014, order. He also filed a motion to consolidate the appeals from the divorce judgment and from.the September 10, 2014, order. This court granted the motion and entered an order consolidating the appeals on December 16,2014.
On appeal, the husband contends that the trial court erred in denying his motion seeking to vacate the divorce judgment and a new trial. The motion was based on the husband’s assertion that he was not given the opportunity to be heard at, the March 5, 2014, hearing in the divorce action; thus, he says, he was denied his right to due process.
“It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the -essential elements of due process.” Ex parte Weeks, 611 So.2d 259, 261 (Ala.1992). “The hallmarks of procedural due process are notice and ‘the opportunity to be heard' “at a meaningful time and in a meaningful manner.” ’ ” Alabama Republican Party v. McGinley, 893 So.2d 337, 344 (Ala.2004) (quoting Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting in turn Armstrong v. Mamo, 380 U.S. 545, 552, 85 S.Ct. 1187,14 L.Ed.2d 62 (1965)).
So important is procedural due process to our system of justice that the failure to provide parties with proper notice and an opportunity to be heard before the entry of a judgment can render that judgment void. . See Ex parte Third Generation, Inc., 855 So.2d 489, 492-93 (Ala.2003). In Neal v. Neal, 856 So.2d.766, 781-82 (Ala.2002), our supreme court explained:
“ ‘[I]t is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’ ,
“Frahn v. Grey ling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940) *980 (emphasis added [in Neal ]). The rule that a want of due process, so defined, voids a judgment is not redundant with the rule that a want of personal jurisdiction likewise voids a judgment, for a person already effectively made a party to litigation could, on some critical motion or for some critical proceeding within that litigation, be deprived of the ‘notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing,’ required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Frahn, supra. See Winhoven v. United States, 201 F.2d 174 (9th Cir.1952), Bass v. Hoagland, 172 F.2d 205 (5th Cir.1949), Cassioppi [v. Damico, 536 So.2d 938 (Ala.1988) ], and Seventh Wonder [v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978) ].”
(Final emphasis added.)
On January 2, 2014, less than a month after the wife filed the complaint in the divorce action, the husband, who was acting pro se at that time, answered the complaint and filed a motion for appointment of counsel or a representative to “represent him in the event that [the trial court] should set a hearing date in this case.” In the motion, the husband explained that he was incarcerated and could not be physically present at any hearing. The husband also asked that, if someone could not be appointed to represent him, he “would like to be present by teleconference, internet, or by phone. The staff of this institution can be contacted and they have assured me that they can make any necessary accommodations.” The trial court denied the motion.
On January 24, 2014, the trial court entered an order scheduling the final hearing in the divorce action for March 5, 2014. The record contains an envelope indicating that the notice of the scheduled hearing sent to the husband at the prison at which he is incarcerated was returned to the circuit clerk’s office because the address did not include the husband’s “Register Number” at the prison. The envelope also bears a stamp indicating that the address was insufficient and that the letter could not be forwarded. There is nothing in the record to indicate that an attempt was made to resend the notice with the husband’s register number included in the address. The husband had included his register number as part of the address he provided in his answer to the complaint and in subsequent filings. The case-action summary does not include a notation that the notice was returned to the clerk’s office; however, the docket sheet for this case available on the alacourt.com Web site, which contains information derived from the State Judicial Information System, indicates an entry stating “bad address.”
On March 5, 2014, the trial court entered an order stating:
“Case called. Default entered against the husband as he did not appear for trial. Proposed Final Decree to be sent to Court.”
The wife then submitted a proposed judgment, which awarded the wife the marital residence and the check. The trial court adopted the proposed judgment in its divorce judgment entered on March 6, 2014.
We first note that
“our supreme court has held that as a general rule, no duty rests upon the court to advise a party of his or her scheduled trial date, but that ⅛ party’s right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.’ Ex *981 parte Weeks, 611 So.2d 259, 262 (Ala. 1992).”
M.S. v. State Dep’t of Human Res., 681 So.2d 638, 635 (Ala.Civ.App.1996). In M.S., a child-dependency case, the juvenile-court clerk’s office mailed the child’s parents notice of the date of the scheduled dependency hearing, but the notice was returned to the clerk because the clerk had used an incorrect zip code. The clerk made no further effort to contact the parents, who were not present at the hearing. Id. This court reversed the judgment entered in that case, concluding that the juvenile court, through its clerk, had assumed the duty of notifying the parents of the hearing and that its failure to do so denied the parents their right to procedural due process. Id.
Similarly, in this case, the circuit clerk’s failure to notify the husband of the hearing in the divorce action after the notice the clerk sent was returned deprived the husband of his right to procedural due process. “ ‘A judgment or order that is entered in violation of principles of procedural due process is void. See Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003) (discussing Neal [v. Neal, 856 So.2d 766 (Ala.2002) ], and concluding that a judgment is void if it violates principles of procedural due process).’” Ex parte Montgomery, 97 So.3d 148, 152-53 (Ala.Civ.App.2012) (quoting Ex parte Montgomery, 79 So.3d 660, 670 (Ala.Civ.App.2011)). Accordingly, the divorce judgment entered on March 6, 2014, is void. Because a void judgment will not support an appeal, see, e.g., Landry v. Landry, 91 So.3d 88, 90 (Ala.Civ.App.2012) (“A void judgment will not support an appeal.”), we must dismiss the appeal from the divorce judgment (case no. 2130821), albeit with instructions to the trial court to vacate the March 6, 2014, judgment.
As to case no. 2140086, the husband appealed the award of legal fees to Blevins for his representation of the husband in a separate criminal matter. As mentioned, in the divorce judgment, the trial court ordered the wife to use proceeds from the check to pay Blevins an unspecified amount for the work he had done in the criminal matter, but, for the reasons discussed, we have held that that judgment is void. After the divorce judgment was entered, Blevins filed a motion to intervene in the divorce action to obtain payment for his work in the criminal matter. On September 10, 2014, the trial court entered an order in the divorce action directing the wife to pay Blevins legal fees in the amount of $9,980.50.
Rule 71, Ala. R. Civ.' P., provides:
“When an order is made in favor of a person who is not a party to the action, other than a creditor of a paUy to a divorce proceeding, that person may enforce obedience to the order by the same process as if that person were a party; and when obedience to an order may be lawfully enforced against a person who is not a party, that person is liable to the same process for enforcing obedience to the order as a party.”
(Emphasis added.) The Committee Comments on 1973 Adoption of Rule 71 state, in part:
“This rule has been drawn so as to specifically exclude creditor of a party in a divorce proceeding. For example, should the court order the husband to pay for certain appliances to be used by the ex-wife, the vendor of the appliances would not be entitled to take advantage of this rule. To permit this Rule to apply in such an instance would further complicate an already difficult proceeding.”
Because the divorce judgment is void, and, further, because Blevins, as a creditor of *982 the husband and the wife, cannot enforce the provision of the divorce judgment awarding him legal fees for his work in a separate matter, the September 10, 2014, order is a nullity that will not support an appeal. Accordingly, the appeal, from the September 10, 2014, order (case no. 2140086)'is also dismissed.
2130821 — APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs specially.
2140086 — APPEAL DISMISSED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs specially,
MOORE, J., concurs in the result, with writing.

. The record on appeal indicates that the husband is serving a life sentence in federal prison.

. A copy of the check is contained in the record. The total amount of the check is $50,000.

. The record in this case contains a consent judgment entered by the Elmore Circuit Court in Civil Action No. CV-2013-900291, styled "Jerry M. Blevins v. LaQuana Nelson Davis." The consent judgment, executed on February 5, 2014, is in favor of Blevins for $41,035.44. On March 11, .2014, Blevins filed a motion for a voluntary dismissal with, prejudice of his action against the wife, stating that the parties had reached a settlement agreement in the matter and that the wife "has complied with her obligations under the terms of the settlement agreement,” That same day, the El-more Circuit Court dismissed Civil Action No. CV-2013-900291 with prejudice. The trial judge who presided over that matter is not the trial judge .who presided over the divorce action.