PER CURIAM.
Willie Jerome Davis (“the husband”) appeals from a judgment of the Elmore Circuit Court (“the trial court”) divorcing him from LaQuana Vonsha Davis (“the wife”) and dividing the marital property.
This is the third time the parties have come before this court in connection with this divorce action. In Ex parte Davis, 169 So.3d 1038 (Ala. Civ. App. 2014) (“Davis I”), this court granted the husband’s petition for a writ of mandamus to the extent he sought to supplement the record in a separate appeal with materials that, he said, indicated that he had not received notice of the final hearing in this action. Once the record was supplemented, this court considered the husband’s appeal from the judgment the trial court had entered on March 6, 2014 (“the 2014 divorce judgment”), purporting to divorce the parties. In Davis v. Davis, 183 So.3d 976, 981 (Ala. Civ. App. 2015) (“Davis II”), we held that the circuit clerk’s failure to notify the husband of the final hearing in the divorce action deprived the husband of his right to procedural due process and, therefore, that 2014 divorce judgment was void. Accordingly, the appeal was dismissed. In a separate, consolidated appeal, we determined that, in the divorce action, the trial court had improperly awarded Jerry Blevins, the attorney who had represented the husband in a separate criminal matter, a fee for work the attorney had done while representing the husband in the criminal matter. Davis II, 183 So.3d at 981-82. We held that the order awarding Blevins a fee was a nullity, and the appeal from that order was also dismissed. Id. at 982.
After the appeals considered in Davis II were dismissed, litigation in the divorce action continued, including the exchange of discovery. On January 6, 2016, after an ore tenus hearing,[1] the trial court entered a judgment (“the 2016 divorce judgment”) divorcing the parties, awarding the marital residence to the wife, and awarding the wife all of the proceeds from the settlement check (“the settlement check”) that the husband had received in what is commonly known as “the Black Farmers litigation.”[2] No other property was mentioned in the 2016 divorce judgment. The wife was directed to pay a portion of Blevins’s attorney fee, which the husband had incurred in the separate criminal matter. The husband filed a timely postjudgment motion, asserting that the trial court had erred in determining that the check was marital property. The trial court denied the postjudgment motion on February 1, 2016. The husband then filed a timely notice of appeal to this court.
On appeal, the husband contends that the trial court erred in finding that the settlement check was marital property and awarding it to the wife. The record on appeal indicates the following regarding this issue. The wife testified that the parties were married in January 2009. In his written deposition testimony, the husband said that he had initially filed a claim in' the Black Farmers litigation in 1999, before the parties married. During the mar *478 riage, the husband said, he received paperwork to refile his claim. He said that he and a friend who was also a claimant went to Clanton, where people from Washington, D.C., working on behalf of the black farmers assisted all of the claimants-in completing the paperwork at the same time. The husband disputed the wife’s testimony that she had done research for the husband and had helped him file the claim. The husband also stated that thefe was no research that had had to be done.
The wife testified that the husband- was arrested in May 2012. After, his arrest, the wife said,- the husband asked her to retain Blevins to represent him in the criminal matter. The "wife testified that, at the husband’s request, she had signed his name on the contract to hire Blevins and that she had also signed her name as a guarantor of payment for the legal services Blevins would provide to the husband. As mentioned, the husband was convicted in the criminal matter, and he is now serving a life sentence in a federal prison in Kentucky.
The settlement check, made payable to the husband in the amount of $50,000, was issued on October 3, 2013. The wife testified that the husband was incarcerated by that time, and she ‘did not send him the settlement check. On December 10, 2013, the wife filed a complaint seeking a divorce from the husband. A week after filing the divorce complaint, the wife filed an emergency petition requesting permission to sign and cash the settlement check.
On March 6, 2014,. the trial court entered a judgment purporting to divorce the parties. One of the provisions of the 2014 divorce judgment ordered the wife to negotiate the settlement check and to use the proceeds to “extinguish the legal services debt owed by [the husband] to .., Blevins for the legal defense provided by attorney Blevins to the [husband] in the United States.District Court Criminal case which led to the [husband’s] conviction and.incarceration in the federal penitentiary under a life sentence.” The wife testified that, pursuant to the 2014 divorce judgment, she negotiated the settlement check and paid Blevins $30,000 from the total proceeds of $50,000. The record shows that the total settlement was for $62,000; however, $12,500 of that amount was paid directly to the Internal Revenue Service for taxes.
After the husband went to prison, Blevins filed an action against the wife seeking payment of the fees he was owed for his representation of the husband in the criminal matter; On February 5, 2014, Blevins obtained a consent judgment against the wife in the amount of $41,035.44. On April 4, 2014, while the husband’s motion to alter, amend, or vacate the 2014 divorce judgment" was pending, Blevins filed a motion to intervene in the divorce action. In his motion, Blevins asserted that the wife had paid him only $30,000 out of the proceeds of the settlement check and had retained $20,000 for herself. The trial court granted Blevins’s motion to intervene on May 28, 2014. On June 2⅜ 2014, Blevins filed a motion for the entry of a judgment against the -wife, seeking the money he said she. had retained from the settlement check. On September 10, 2014, the trial court entered a final judgment in the divorce action awarding Blevins an additional $9,980.50. At the January 2016 final hearing, the wife testified that she had paid Blevins the additional $9,980.50, as ■ordered by the trial, court, for-a total payment to Blevins of- $39,980.50. She also said that with the $10,019.50 remaining from the proceeds of the settlement check she had paid her attorney fee in the divorce action and bills that had been incurred during the marriage.
*479 After the proceeds from the settlement check had been disbursed, however, this court held that the 2014 divorce judgment was void. Davis II, 183 So.3d at 981. We also held that the trial court had erred in allowing Blevins to intervene in the divorce action and that the September 10, 2014, order directing the wife to pay Blevins an additional $9,980.50 was void. Id. at 981-82.
' The proceeds from the settlement check are what the husband-is now claiming were wrongly awarded to the wife in the 2016 divorce judgment because, he says, the settlement check was not marital property. Specifically, ■ the husband argues that because he filed his initial claim in the Black Farmers litigation before the.parties married, and because the settlement check was not negotiated'until after the entry of the 2014 divorce judgment, the proceeds of the settlement check were never used for the benefit of the parties during their marriage. Therefore, he contends, the settlement check could not be marital property.[3] In’ other words, the husband contends that the settlement check was his separate estate. The husband also contends that the trial court repeated its error from Davis II, supra, when it “awarded” Blevins money from the settlement check.
As mentioned, after the 2014 divorce judgment was entered, and while the appeal of that judgment was pending, the wife cashed the settlement check and used a portion of the proceeds to pay Blevins the fee the husband owed him for his representation of the husband in the criminal matter. The wife testified that she also used a portion of the proceeds to pay other bills that had accrued during the marriage.
Rule 8(a), Ala. R. App, P., provides that an appellant “shall not be entitled to a stay of execution of the judgment pending appeal (except as provided in Rule 62(e), Ala. R. Civ. P.) unless the appellant executes bond with good and sufficient sureties ,..See also Rule 62, Ala. R. Civ. P. The notice of -appeal that the husband filed regarding the 2014 divorce judgment shows that the husband did not file a supersedeas bond or request a stay of execution of the 2014 divorce judgment. “[A]n appeal does not ordinarily supersede the judgment in the absence of a superse-deas bond.” St. Regis Paper Co. v. Kerlin, 476 So.2d 64, 66 (Ala. 1985)(citing Moore v. LeFlore, 288 Ala. 315, 260 So.2d 585 (1972)).
“The purpose of requiring a supersedeas bond is to preserve the status quo pending the appeal. Ex parte Spriggs Enterprises, Inc., 376 So.2d 1088 (Ala. 1979). When one appeals without posting a su-persedeas bond, the appellee’s right to enforce the judgment is not suspended during the appeal, and, whatever measures are necessary for the execution of the judgment, it is the duty of the trial court to pursue them on application of the party in interest. Ex parte Dekle, *480 278 Ala. 307, [309,] 178 So.2d 85[, 86] (1965).”
Baker v. Bennett, 660 So.2d 980, 982 (Ala. 1995). The posting of a supersedeas bond stays execution of the judgment and secures the status quo for an appellant, thereby avoiding the delay and expense of a new and independent restitution action if the judgment was otherwise entered but then reversed on appeal. See Donald v. Keith, 267 Ala. 136, 138-39, 99 So.2d 41, 43 (1957).
Because the husband failed to file a supersedeas bond to preserve the status quo when he appealed from the 2014 divorce judgment, the wife had a legal right to cash the settlement check that she had been awarded and to use the proceeds of the settlement check to pay the attorney fee that Blevins had been awarded in the 2014 divorce judgment. Furthermore, we note that, after he had prevailed in his appeal of the 2014 divorce judgment, the husband did not file an action seeking restitution from Blevins or the wife to recover the proceeds of the settlement check. See Kerlin, supra. In other words, the husband failed to meet his burden of preserving the status quo or seeking restitution to recover the proceeds that had already been disbursed by the time the trial court entered the 2016 divorce judgment purporting to award the settlement check to the wife. However, as a practical matter, because of the husband’s failure to post a supersedeas bond to preserve the status quo pending the appeal of the 2014 divorce judgment and his failure to seek restitution after he prevailed in the appeal of the 2014 divorce judgment, by the time the 2016 divorce judgment was entered there was nothing left of the settlement check or its proceeds to be awarded to either the husband or the wife.
“ ‘ “The test for mootness is commonly stated as whether the court’s action on the merits would affect the rights of the parties.” Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004) (citing VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993)). “A case becomes moot if at any stage there ceases to be an actual controversy between the parties.” Id. (emphasis added) (citing National Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999)).’
“Chapman v. Gooden, 974 So.2d 972, 983 (Ala. 2007) (first emphasis added). See also Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (‘[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.’).”
South Alabama Gas Dist. v. Knight, 138 So.3d 971, 974-75 (Ala. 2013).
“ ‘[A]n appeal will be dismissed as moot “if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief.” ’ Masonry Arts, [Inc. v. Mobile Cty. Comm’n,] 628 So.2d [334] at 335 [ (Ala. 1993) ], quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963).”
Estate of Mollett v. M & B Builders, L.L.C., 749 So.2d 466, 469 (Ala. Civ. App. 1999).
“ ‘The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.’ ”
*481 King v. Campbell, 988 So.2d 969, 976 (Ala. 2007) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)).
In this case, this court is now called upon to determine whether property that is no longer available to either the husband or the wife was marital property or part of the husband’s separate estate. During the course of this litigation, such a determination has become an abstract principle that cannot be carried into effect.
The dissenting judge asserts that the issue whether the settlement check or its proceeds constitute marital property is not moot because, he states, if the husband is correct, “this court could reverse the 2016 divorce judgment and order restitution.” 221 So. 3d at 485 (Moore, J., dissenting). However, whether an award of restitution to the husband would be proper and equitable in this case has never been litigated or even raised in the trial court. For this court to order restitution as suggested in the dissenting opinion would require us to make an improper factual determination, based on a silent record, as to the propriety of restitution. “‘The appellate courts do not sit in judgment of the facts, and [they] review the factfinder’s determination of facts only to the extent of determining whether it is sufficiently supported by the evidence, that question being one of law.’ ” Hinds v. Hinds, 887 So.2d 267, 272-73 n.2 (Ala. Civ. App. 2003) (quoting Curtis White Constr. Co. v. Butts & Billingsley Constr. Co., 473 So.2d 1040, 1041 (Ala. 1985)) (emphasis omitted).
For the reasons discussed, the issues the husband asserts on appeal regarding the propriety of the award of the proceeds of the settlement check to the wife in the 2016 divorce judgment are moot. King, supra, Estate of Mollett, supra, and Knight, supra. We will not hold the trial court in error for awarding the wife in the 2016 divorce judgment the same settlement-check proceeds that she had previously been awarded and that had already been disbursed in accordance with the 2014 divorce judgment.
The husband also states in his appellate brief that the trial court’s division ■ of property, awarding the wife, the marital residence and all of the proceeds from the settlement check, disproportionately favored the wife.
“The judgment of the trial court made following an ore tenus proceeding is presumed to be correct and will not be reversed absent plain and palpable error. Parrish v. Parrish, 617 So.2d 1036 (Ala. Civ. App. 1993). Matters involving alimony and property division incident to divorce are interrelated and within the sound discretion of the trial court. Parrish, 617 So.2d at 1038. Therefore, the entire judgment must be reviewed to determine if there has been an abuse of discretion, but the trial court’s judgment will not be disturbed on appeal except where its discretion was abused.' Id. ‘However, there is no presumption of correctness in the trial court’s applieation of [the] law to the facts.’ Brown v. Brown, 719 So.2d 228, 230 (Ala. Civ. App. 1998). The trial court, in making a determination regarding .property division and alimony, should consider such things as ‘the earning capacities of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties pertaining to the cause of the divorce.’ Pickett v. Pickett, 723 So.2d 71, 73 (Ala. Civ. App. 1998). The conduct of a party can affect the trial court’s -property division even when the parties are divorced on the grounds of incompatibility. Courtright v. Courtright, 757 So.2d 453 (Ala. Civ. App. 2000). Although a property division may not necessarily be equal, it *482 must be equitable in light of the facts of the case. Proctor v. Proctor, 712 So.2d 328 (Ala. 1997).”
Nichols v. Nichols, 824 So.2d 797, 802 (Ala. Civ. App. 2001); Vardaman v. Vardaman, 167 So.3d 342, 346 (Ala. Civ. App. 2014).
The husband-did not develop this argument on appeal. Furthermore, there is little evidence in the record relevant to this issue. For example, the parties’ ages,, the ■wife’s earning capacity, and her future prospects are not mentioned in the record. The evidence shows that the wife did not file her complaint for a divorce from the husband until after he had been convicted and sentenced to life in prison, indicating that the breakdown- of the marriage was caused by the husband’s unlawful conduct and its consequences. Based on the record before us and the husband’s minimal argument on appeal as to this issue, we cannot say that the trial court abused its discretion as to this issue,
Finally, the husband contends that the trial court erred in denying his motion to alter, amend, or vacate the judgment without first holding a hearing, as required by Rule 69(g), Ala. R. Civ. P. The law as to this issue is well settled.
“Rule 69(g), Ala. R. Civ. P., provides that postjudgment ‘motions remain pending until ruled upon by the court (subject to the provisions of Rule 59,1) but shall not be ruled upon until the parties have had opportunity to be heard thereon.’ This court has held that ,
‘“[generally, a movant who requests a hearing on his or her post-judgment motion is entitled to such a hearing. Rule 69(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000). A trial court’s failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221.’
“Dubose v. Dubose, 964 So.2d 42, 46 (Ala. Civ. App. 2007); see also Staarup v. Staarup, 537 So.2d 56, 57 (Ala. Civ. App. 1988) (‘[Rule 59(g)] mandates that, when a hearing is requested on a motion for new trial, the hearing must be granted,’).
.“[However], this court has recognized an exception to. the general rule that the denial of a postjudgment motion without .conducting a requested .hearing is reversible error. See Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala. Civ. App. 1998) (‘A trial court errs by not granting a hearing when’ one has been requested pursuant to Rule 59(g);l however, that error is not necessarily reversible error.’). ‘On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based oii the harmless error rule.’ Palmer v. Hall, 680 So.2d 307, 307-08 (Ala. Civ. App. 1996); see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala. Civ. App. 1993) (‘Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.’). The Alabama Supreme Court has stated:
“‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is.either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
“Greene v. Thompson, 554 So.2d 376, 381 (Ala. 1989). However, ‘[w]hen there is probable merit to the motion, the error cannot be considered harmless.’ Dubose, 964 So.2d at 46.”
Wicks v. Wicks, 49 So.3d 700, 701 (Ala. Civ. App. 2010).
*483 As discussed, the husband failed to take the steps to maintain the status quo or to recover the proceeds of the settlement check that had already been disbursed, in accordance with the terms of the 2014 divorce judgment, rendering issues involving the settlement check or its proceeds moot. Furthermore, evidence in the record supports the trial court’s decision to award the wife the marital residence, and the husband has failed to demonstrate that the trial court erred in making that award. We conclude there is no probable merit to the husband’s contentions that the trial court abused its discretion in awarding the wife the proceeds from the settlement check or the marital residence. Accordingly, any error that may have been committed when the trial court denied the husband’s post-judgment motion without first holding a hearing was harmless.
The issues involving the settlement check and the disbursement of its proceeds are moot and the husband has failed to demonstrate any error or abuse of discretion on the part of the trial court as to the other issues raised on appeal. Accordingly, the trial court’s judgment is affirmed.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.
Moore, J., dissents, with writing.

. The husband is incarcerated in a federal prison in Kentucky and was unable to appear in person at the hearing. Therefore, his testimony was presented to the trial court through his deposition upon written questions.

. The Black Farmers litigation involved a class action filed on behalf of African-American, farmers alleging that the United States Department of Agriculture had systematically discriminated against African-American farmers on the basis of race.

. The husband asserts that the trial court did not have subject-matter jurisdiction to "divide” the settlement check as marital property because, he says, "it was impossible for the check to have been used during the marriage,” The basis for the husband’s argument is unclear. The trial court clearly had subject-matter jurisdiction to determine whether the settlement check was marital property. See § 30-2-l(a), Ala. Code 1975 ("The circuit court has power to divorce persons from the bonds of matrimony ....”), and §30-2-51(a), Ala, Code 1975 ("[T]he judge [presiding over a divorce action] may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties, during their marriage.”),