MOORE, Judge,
dissenting.
Willie Jerome Davis (“the husband”) "appeals from a divorce judgment (“the 2016 divorce judgment”) entered by the Elmore Circuit Court (“the trial court”) on January 6, 2016, to the extent that it declared the proceeds from a settlement check (“the settlement check”), which had been issued by the United States Department of Agriculture as a result of certain litigation referred to as “the Black Farmers litigation,” to be marital property and awarded the settlement proceeds to LaQuana Von-sha Davis (“the wife”).
These parties have previously been before this court. See Ex parte Davis, 169 So.3d 1038 (Ala. Civ. App. 2014) (“Davis I”); and Davis v. Davis, 183 So.3d 976 (Ala. Civ. App. 2016) (“Davis II”).- In Davis II, the husband appealed from a divorce judgment entered by the trial court on March 6, 2014 (“the 2014. divorce judgment”). With regard to the settlement check, this court stated, in part, in Davis II:
“One of the provisions of the [2014] divorce judgment ordered the wife to execute the settlement check ... and to use the proceeds to ‘extinguish the legal services debt owed by [the husband] to .... [Jerry] Blevins for the, legal defense provided by attorney Blevins to the [husband] in the United States District Court Criminal case which led to the [husband’s] conviction and incarceration in the federal penitentiary under a life sentence.’ The check had been made payable only to the husband.”
183 So.3d at 978. This count held in Davis II that the trial court had failed to afford the husband due process and, therefore, that the 2014 divorce judgment was void. 183 So.3d at 981. This court dismissed the appeal, albeit with instructions to the trial court to set aside the 2014 divorce Judgment. Id.
The husband did not post a supersedeas bond relating to- the 2014 divorce judgment, The record in this appeal confirms that, while Davis II was pending before this court, the wife, in reliance on the 2014 divorce judgment, negotiated the settlement check and that she subsequently spent the net proceeds of the settlement check, largely to pay the attorney’s fees owed to Jerry Blevins for his services in representing the husband in the federal criminal case. After this court issued its certificate of judgment in Davis II, the *484 trial court vacated the 2014 divorce judgment, conducted further proceedings, and entered the 2016 divorce judgment; the 2016 divorce judgment again awarded the wife the proceeds from the settlement check and ordered her “to satisfy a portion of the debt to Jerry Blevins for his representation of [the husband] in his Federal Criminal Court prosecution.”
The main opinion reasons that, “because of the husband’s failure to post a superse-deas bond to preserve the status quo pending the appeal of the 2014 divorce judgment and his failure to seek restitution after he prevailed in the appeal of the 2014 divorce judgment, by the time the 2016 divorce judgment was entered there was nothing left of the settlement check or its proceeds to be awarded to either the husband or the wife,” 221 So.3d at 480, and it affirms that portion of the 2016 divorce judgment pertaining to the settlement check based on the conclusion that the issues raised in the present appeal are moot. I disagree with that analysis.
“ ‘ “A moot case or question is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned.” ’ Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala. 2006) (quoting American Fed’n of State, County & Mun. Employees v. Dawkins, 268 Ala. 13, 18, 104 So.2d 827, 830-31 (1958)). ‘The test for mootness is commonly stated as whether the court’s action on the merits would affect the rights of the parties.’ Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004) (citing VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993)). ‘A case becomes moot if at any stage there ceases to be an actual controversy between the parties.’ Id. (emphasis added) (citing National Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999)).”
Chapman v. Gooden, 974 So.2d 972, 983 (Ala. 2007). “Thus, if the issue presented at the outset of the action has ceased to exist or is no longer ‘live,’ or if the court is unable due to an intervening event or change in circumstances to grant effective relief or to restore the parties to their original position, then the issue before the court is moot.” Progressive Direct Ins. Co. v. Stuivenga, 364 Mont. 390, 396, 276 P.3d 867, 872 (2012).
The mere facts that enforcement of the 2014 divorce judgment had not been stayed and that the wife spent the proceeds of the settlement check do not prevent this court from granting the husband effective relief in this appeal. As a general rule, a judgment debtor has a “right to recover what one has lost by the enforcement -of a judgment subsequently reversed.” Baltimore & Ohio R.R. v. United States, 279 U.S. 781, 786, 49 S.Ct. 492, 73 L.Ed. 954 (1929). Under 1 Restatement (Third) of Restitution and Unjust Enrichment § 18 (2011), “[a] transfer or taking of property, in compliance with or otherwise in consequence of a judgment that is subsequently reversed or avoided, gives the disadvantaged party a claim in restitution as necessary to avoid unjust enrichment.” “Restitution may.be ordered in connection with the reversal, either by the appellate court or by the trial court on remand, or may be pursued in an independent action.” Stuivenga, 364 Mont. at 399, 276 P.3d at 873. The failure of a judgment debtor to post a supersedeas bond “is not a bar to subsequent restitution.” 1 Restatement (Third) of Restitution and Unjust Enrichment § 18, comment c.
In this case, after this court issued its opinion in Davis II, the husband amended his counterclaim to “demand the return of the $50,000.00 in proceeds of the [settle- *485 merit] check.” The husband, in essence, sought from the wife restitution of the proceeds from the settlement check.
“When a judgment is reversed on appeal, the general rule is that the party who received the benefit thereof must make restitution to the other party of money or property received. There is, however, no absolute right to restitution upon reversal. It is an equitable remedy which rests in the sound discretion of the trial court and is to be awarded within the ‘spirit and policy of the law to promote and compel, when there are not facts and circumstances which may render restitution inequitable.’ Maslankowski v. Carter, 291 Ala. 8, [11,] 277 So.2d 91[, 93] (1973) (quoting McCall v. McCurdy, 69 Ala. 65 [, 70] (1881)).”
St. Regis Paper Co. v. Kerlin, 476 So.2d 64, 66 (Ala. 1985). In Smith v. Smith, 928 So.2d 287, 294 (Ala. Civ. App. 2005), this court recognized that the party from whom restitution is being sought has the burden of showing that restitution would be inequitable. In Smith, after this court reversed the divorce judgment entered in that case, the husband in that case, on remand, sought, “in essence,” restitution from the wife in that case for the periodic-alimony payments that had been made pursuant to that divorce judgment. Id. This court held that, because the wife had not shown that restitution would be inequitable, the trial court in that case had erred in faffing to restore those payments to the husband. Id.
In this case, the husband argues on appeal that the trial court erred in awarding the wife the settlement cheek because it does not constitute marital property and that the trial court erred in failing to hold a hearing on his postjudgment motion on that issue. Those issues are not moot because, if the husband is correct, this court could reverse the 2016 divorce judgment and order restitution. Because this court can grant the husband effective relief, the appeal is not moot. Therefore, I respectfully dissent.