THOMPSON, Presiding Judge.
Edward Crosby and Valerie Crosby appeal from an order of the Baldwin Circuit Court ("the trial court") purporting to extend the duration of a temporary restraining order ("the first TRO") that had previously been entered against them. In the order "extending" the first TRO ("the second TRO"), the trial court directed that, for good cause shown, the second TRO would remain in place until a hearing could be held on the request of Seminole Landing Property Owners Association, Inc. ("SLPOA"), for a preliminary injunction. In the second TRO, the trial court consolidated a hearing on the preliminary injunction with a trial on the merits, and it scheduled the trial for November 29, 2017. The trial was continued, and, as of the date of this opinion, it still has not been held.
The record indicates that, on August 4, 2017, SLPOA filed a complaint that, among other things, sought injunctive relief against the Crosbys in connection with the construction of a building ("the building") the Crosbys were erecting on their property. SLPOA alleged that the building violated the setback provisions set forth in the restrictive covenants governing the Crosbys' property. Specifically, SLPOA alleged that the covenants required all buildings to be set back ten feet from the side-lot lines of the property and that the building was less than two feet from a side-lot line.
On August 9, 2017, SLPOA filed in the trial court an ex parte application for a temporary restraining order ("TRO"). The application included the affidavit of James Mann, the president of the Seminole Landing Homeowners Association, who stated that, before SLPOA filed the complaint and the application for a TRO, the Crosbys had been notified by letter of their alleged breach of the restrictive covenants. Mann also said that he had placed several telephone calls to Edward Crosby about the placement of the building and had told the Crosbys' construction crew that the building violated the restrictive covenants. It is undisputed that the Crosbys were not served with the ex parte application for a TRO.
On August 12, 2017, the trial court entered an order granting the application for a TRO and directing SLPOA to prepare a proposed order. On August 14, 2017, the trial court entered the first TRO ordering, among other things not germane to this opinion, that construction of the building "shall cease immediately." The first TRO explicitly stated that it would remain in effect until August 23, 2017, when a hearing on the matter was scheduled.
The Crosbys received personal service of both the complaint in this matter and the first TRO on August 17, 2017. After obtaining counsel, the Crosbys requested a one-week continuance of the August 23, 2017, hearing because their attorney had a scheduling conflict with that date. The Crosbys requested
"a short, one-week extension of the hearing from August 23 to August 30. It is undersigned's intent in asking for such a short extension to allow the current [TRO] to remain in place and that neither side lose any positions, defenses, or claims by the granting of such extension."
*269 The trial court granted the continuance and rescheduled the hearing on a TRO for September 20, 2017. The morning of the hearing, the Crosbys filed a motion to dissolve the first TRO.[1] In their motion, the Crosbys contended that, among other things, the TRO failed to meet the requirements of Rule 65, Ala. R. Civ. P.
A transcript of the September 20, 2017, TRO hearing appears in the record on appeal. At the hearing, the attorney for SLPOA notified the trial court that, by the time the first TRO was issued on August 14, 2017, the building had been completed. SLPOA's attorney said that he did not know whether there was "anything to restrain [the Crosbys] from." SLPOA's attorney also told the trial court that SLPOA wished to go ahead with the trial on the merits, but on a future date, because the September 20 hearing was only for the purpose of discussing the TRO. The trial court stated that the ten days allowed for the operation of the first TRO had already expired, see Rule 65(b), Ala. R. Civ. P., and it proposed that the parties agree to maintaining the status quo until a trial on the merits could be held.
In response, the attorney for the Crosbys acknowledged that the building was "substantially complete." She also agreed with the trial court that the first TRO had expired; however, she still appeared to seek to have it dissolved. The Crosbys' attorney also "objected to" a trial on the merits, saying "we're entitled to an evidentiary hearing before there's-on a preliminary injunction before there's [an] ultimate trial on the merits." She pointed out that legal questions existed regarding whether the building was subject to the restrictive covenants.
The trial court again asked whether the parties would agree to maintain the status quo until a trial on the merits could be held. The attorney for SLPOA agreed, stating that a TRO at that point was moot because the building had already been erected. The Crosbys' attorney, on the other hand, argued that if the trial court "were to issue any kind of order right now maintaining the status quo, it would be in violation of Rule 65, in that we are entitled to a hearing on a preliminary injunction." She also stated that the building was intended to be a pump house and the Crosbys intended to go forward on the installation of a water-filtration system.
The trial court told the parties that it would hold an additional hearing before the trial on the merits but that it had been trying to save them time. The trial court stated that, because the Crosbys intended to move forward with additional work on or in the building, SLPOA needed to respond to the Crosbys' motion to dissolve the first TRO. The trial court reiterated its position that it would like to maintain the status quo until a trial on the merits could resolve the matter.
On September 27, 2017, SLPOA filed its response to the motion to dissolve the first TRO. SLPOA also moved the trial court for a preliminary injunction and filed a brief in support of a preliminary injunction. In its motion, SLPOA reincorporated the verified allegations it made in its complaint and in its application for the TRO, which included Mann's affidavit. The Crosbys did not respond to SLPOA's motion for a preliminary injunction.
*270 On October 2, 2017, the trial court entered the second TRO, holding as follows:
"Motion to dissolve TRO filed by [the Crosbys] is hereby denied. Pursuant to Rule 65(b) [, Ala. R. Civ. P.], the court extends the duration of the TRO for good cause shown until a hearing can be held on [SLPOA]'s request for a preliminary injunction. Pursuant to Rule 65(a)(2) [, Ala. R. Civ. P.], the court hereby consolidates a hearing with a trial on the merits on November 29, 2017, at 1PM at the Fairhope Satellite Courthouse."
The Crosbys appealed from the second TRO within 14 days to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, the Crosbys argue that the first TRO was improper for a number of reasons, including that it was entered without notice, and that, therefore, the trial court could not have "extended" the first TRO in the second TRO.
During the course of the September 20, 2017, hearing, the parties and the trial court seemed to acknowledge that the first TRO had expired by its own terms because more than ten days had passed since it had been issued. See Rule 65(b), Ala. R. Civ. P. We therefore construe the second TRO as a new TRO and not simply as an "extension" of the previous one.
" ' "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." '
" King v. Campbell, 988 So.2d 969, 976 (Ala. 2007) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895) )."
Davis v. Davis, 221 So.3d 474, 480-81 (Ala. Civ. App. 2016).
In this case, the expiration of the first TRO, the holding of the September 20, 2017, hearing at which the Crosbys were present, and the trial court's entry of the second TRO render moot any issues regarding the propriety of the first TRO. See Lang v. Lang, 61 So.3d 311, 317 (Ala. Civ. App. 2010) (citing Auburn Med. Ctr., Inc. v. East Alabama Health Care Auth., 908 So.2d 243, 245-46 (Ala. Civ. App. 2003) ) (holding that a court will not decide a legal issue that is irrelevant to the outcome of case). Because the second TRO supplanted the first TRO, there is no action this court can take regarding the first TRO that will affect the propriety of the second TRO. Davis, supra, and Lang, supra. Thus, we will not consider any issues regarding the propriety of the first TRO.
Furthermore, in light of the undisputed facts that the Crosbys were present at the September 20, 2017, hearing and that their attorney presented arguments at that hearing, the arguments the Crosbys make on appeal asserting that the second TRO is due to be dissolved because they did not have notice of the first TRO are moot and also will not be considered. Davis, supra, and Lang, supra.
However, the Crosbys present additional grounds for their argument that the second TRO must be "dissolved." Specifically, they contend that the second TRO fails to comply with Rule 65, Ala. R. Civ. P., in a number of ways that require reversal. First, they argue that the second TRO (whether it is characterized as a TRO or a preliminary injunction) fails to meet the form and scope requirements set forth in Rule 65(d).
*271 The second TRO purports to "extend" the time the first TRO was effective "until a hearing [could] be held on [SLPOA's] request for a preliminary injunction." The second TRO also consolidates that hearing with a trial on the merits. It does not set forth the conduct that is sought to be restrained. Rule 65(d)(1) requires that the following information be included in a TRO:
"Every order granting a restraining order shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."
(Emphasis added.) Likewise, if the second TRO were to be characterized as a preliminary injunction, Rule 65(d)(2) requires that
"[e]very order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."
Because the second TRO does not contain a description of the act or acts to be restrained, we agree with the Crosbys that it fails to comply with the requirements of Rule 65(d)(1) and (2). Accordingly, the second TRO is due to be reversed.
The Crosbys further argue that the second TRO must be reversed because it fails to require SLPOA to post security, as required by Rule 65(c), Ala. R. Civ. P. However, the first TRO required SLPOA to post $500 as security with the circuit clerk's office. There is no indication in the record that the money posted was returned to SLPOA upon the expiration of the first TRO. Therefore, we conclude that the security required by Rule 65(c) was still in place, and no other security was necessary.
The Crosbys next assert that the $500 security ordered in the first TRO was an insufficient amount. There is no evidence in the record that this issue was presented to the trial court. " '[I]t is a well-settled rule that an appellate court's review is limited to only those issues that were raised before the trial court. Issues raised for the first time on appeal cannot be considered.' " Neal v. Neal, 856 So.2d 766, 778 (Ala. 2002) (quoting Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala. 1994) ). Therefore, we decline to consider the sufficiency of the security as a basis for reversal of the trial court's second TRO.
The Crosbys also assert that, by the time of the September 20, 2017, hearing, the basis for SLPOA's decision to seek injunctive relief, i.e., preventing the construction of the building that was allegedly in violation of the applicable restrictive covenants, rendered the need for such relief moot. At that hearing, SLPOA agreed that there was no longer a need for a TRO. However, we note that, at the hearing, the Crosbys told the trial court they would not agree to maintain the status quo until trial because they intended to go forward with installing a water-filtration system. From the comments made during the hearing, it appears to this court that, in entering the second TRO, the trial court was attempting to force the Crosbys to maintain the status quo until a trial on the merits could be held. Because of the lack of detail in the *272 second TRO, however, this court is unable to determine whether the trial court intended for the Crosbys to cease work inside the building or whether it intended to order a halt to construction of the building, as stated in the first TRO.
By all accounts, the building was already "substantially complete" when the second TRO was entered, thus possibly rendering the TRO moot. At this time, this court does not have sufficient information to determine whether the TRO was, in fact, moot or whether it was intended to prevent SLPOA from incurring further harm from the Crosbys' actions inside the building. Therefore, for the reasons set forth above, we reverse the second TRO, and we remand this cause to the trial court with instructions for it to determine whether the need for a TRO is moot at this stage of the litigation. If the trial court determines that the need for a TRO is not moot, then the trial court is instructed to enter an order in compliance with Rule 65(d). Regardless of whether the trial court determines that there is a continued need for a TRO or preliminary injunctive relief at this stage of the proceedings, we find no reason for the trial court to delay the trial on the merits, which SLPOA requested at the September 20, 2017, hearing.
The Crosbys' request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

We note that Rule 65(b), Ala. R. Civ. P., requires that the party moving to dissolve a TRO is to provide the party who obtained the TRO with at least two days' notice "or on such shorter notice to that party as the court may prescribe." The record indicates that the trial court was not aware that the Crosbys intended to file their motion to dissolve the TRO until the morning of the September 20, 2017, hearing.